IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

|  |  |
|---|---|
| NML Capital, Ltd. et al, | : |
| | : |
| Plaintiffs-Appellees, | : |
| | : |
| v. | : CIVIL ACTION NO.  12-105(L) |
| | : |
| Republic of Argentina, | : |
| | : |
| Defendant-Appellant. | : |
| | : |

## DECLARATION OF SUZAN JO, ESQ.

SUZAN JO, ESQ. declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am associated with the law firm of Duane Morris LLP and a member of the bar of this Circuit.  I am fully conversant with the facts and circumstances set forth herein.  I submit this declaration in support of the Duane Morris Individual Plaintiffs' Motion For Leave To File An *Amicus Curiae* Brief.

2.      The Duane Morris Individual Plaintiffs, who filed an amicus brief on the remand, asked all parties and intervenors whether they objected to

1

the filing of an amicus brief.  Attached hereto as **Exhibit A** is the true and

correct copy of the April 17, 2013 letter sent to all counsel.

3.    The Duane Morris Individual Plaintiffs received objections from

counsel for NML Capital, Ltd., the Aurelius Funds, the Republic of

Argentina, and the Exchange Bondholders.

4.    Attached hereto as **Exhibit B** is the true and correct copy of

Katia Porzecanski, *New York-for-Buenos Aires Swap Theory Spreads:*

*Argentina Credit*, Bloomberg News, Apr. 03, 2013, *available at*

http://www.bloomberg.com/news/print/2013-04-03/new-york-for-buenos-

aires-swap-theory-spreads-argentina-credit.html.

5.    Attached hereto as **Exhibit C** is the true and correct copy of

Mariana Shaalo, *Argentina vs. Holdouts: Moody's Minimizes Impact of*

*Litigation with Vultures and Recalls that the Swap was Unilateral and*

*Coercive*, American Task Force Argentina, Apr. 10, 2013, *available at*

http://www.atfa.org/argentina-vs-holdouts-moodys-minimizes-impact-of-

litigation-with-vultures-and-recalls-that-the-swap-was-unilateral-and-

coercive/.

6.    Attached hereto as **Exhibit D** is the true and correct copy of

Veronica Dalto, *Global Bankers Warn About The Risk of Pardoning*

*Argentina, American Task Force Argentina*, Apr. 5, 2013, *available at*
http://www.atfa.org/global-bankers-warn-about-the-risk-of-pardoning-
argentina/.

7.     I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

Dated:  New York, New York
             April 22, 2013

SUZAN JO

3

# EXHIBIT A

**Duane Morris®**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
PALO ALTO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

SUZAN JO
DIRECT DIAL: +1 212 692 1088
PERSONAL FAX: +1 212 214 0924
E-MAIL: sjo@duanemorris.com

www.duanemorris.com

April 17, 2013

TO: ALL COUNSEL (SEE ATTACHED SERVICE LIST)

**VIA REGULAR MAIL AND EMAIL**

    Re:    **NML Capital, Ltd. v. Republic of Argentina, No. 12-105-cv**

Dear Colleagues:

    We represent, among others, a number of individual Italian citizens who are litigants against the Republic of Argentina and/or the Province of Buenos Aires.  We filed an *Amicus* brief in support of the Plaintiffs-Appellees with respect to the Second Circuit's adjudication of the *pari passu* clause, and we now plan on seeking leave to file an *Amicus* Brief in support of Plaintiffs-Appellees in response to the Court's Order of April 2, 2013, directing the Plaintiffs-Appellees to file their responses to the Republic's "ratable payment" proposal.  If any of you should have reason to object to our filing of an amicus brief, please advise us by the close of business on April 18, 2013, and we will so inform the Court.

                                        Very truly yours,

                                        Suzan Jo

SJ:npb

## SERVICE LIST

NML Capital, Ltd.
      Plaintiff - Appellee

Theodore B. Olson, Esq., -
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
tolson@gibsondunn.com

Robert A. Cohen, -
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
robert.cohen@dechert.com

Aurelius Capital Master, Ltd.
      Plaintiff - Appellee

Roy T. Englert, Jr., Esq., -
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
Suite 411
1801 K Street, NW
Washington, DC 20006
renglert@robbinsrussell.com

Melissa Kelly Driscoll, Esq., -
Menz Bonner Komar & Koenigsberg LLP
39th Floor
444 Madison Avenue
New York, NY 10022
mdriscoll@mbkklaw.com

Edward A. Friedman, -
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
efriedman@fklaw.com

Andrew W. Goldwater, Attorney
Friedman Kaplan Seiler & Adelman LLP
46 floor
7 Times Square
New York, NY 10036
agoldwater@fklaw.com

Kimberly A. Hamm, -
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Jeffrey A. Lamken, -
MoloLamken LLP
600 New Hampshire Avenue
Washington, DC 20037
jlamken@mololamken.com

Barry Robert Ostrager, Attorney
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
bostrager@stblaw.com

Walter Rieman, Esq., -
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
wrieman@paulweiss.com

ACP Master, Ltd.
    Plaintiff - Appellee

Roy T. Englert, Jr., Esq., -
Direct: 202-775-4500
[COR LD NTC Retained]
(see above)

Melissa Kelly Driscoll, Esq., -
Direct: 212-223-2100
[COR NTC Retained]
(see above)

Edward A. Friedman, -
[COR NTC Retained]
(see above)

Andrew W. Goldwater, Attorney
Direct: 212-833-1100
[COR NTC Retained]
(see above)

Jeffrey A. Lamken, -
Direct: 202-556-2010
[COR NTC Retained]
(see above)

Barry Robert Ostrager, Attorney
[COR NTC Retained]
(see above)

Walter Rieman, Esq., -
[COR NTC Retained]
(see above)

Blue Angel Capital I LLC
    Plaintiff - Appellee

Roy T. Englert, Jr., Esq., -
Direct: 202-775-4500
[COR LD NTC Retained]
(see above)

Edward A. Friedman, -
[COR NTC Retained]
(see above)

Jeffrey A. Lamken, -
Direct: 202-556-2010
[COR NTC Retained]
(see above)

Barry Robert Ostrager, Attorney
[COR NTC Retained]
(see above)

2

|                                                    | Walter Rieman, Esq., -<br>[COR NTC Retained]<br>(see above) |
| -------------------------------------------------- | ----------------------------------------------------------- |
| Aurelius Opportunities Fund II, LLC<br>Plaintiff - Appellee | Roy T. Englert, Jr., Esq., -<br>Direct: 202-775-4500<br>[COR LD NTC Retained]<br>(see above) |
|                                                    | Edward A. Friedman, -<br>[COR NTC Retained]<br>(see above) |
|                                                    | Kimberly A. Hamm, -<br>Direct: 212-455-2193<br>[COR NTC Retained]<br>(see above) |
|                                                    | Jeffrey A. Lamken, -<br>Direct: 202-556-2010<br>[COR NTC Retained]<br>(see above) |
|                                                    | Barry Robert Ostrager, Attorney<br>[COR NTC Retained]<br>(see above) |
| Pablo Alberto Varela<br>Plaintiff - Appellee       | Gary Steven Snitow, -<br>Direct: 212-594-5300<br>[COR LD NTC Retained]<br>Milberg LLP<br>48th Floor<br>1 Pennsylvania Plaza<br>New York, NY 10119<br>gsnitow@milberg.com |
|                                                    | Michael Champlin Spencer, -<br>Direct: 212-946-9450<br>[COR NTC Retained]<br>Milberg LLP<br>1 Pennsylvania Plaza<br>New York, NY 10119 |
| Lila Ines Burgueno<br>Plaintiff - Appellee         | Gary Steven Snitow, -<br>Direct: 212-594-5300<br>[COR LD NTC Retained]<br>(see above) |
|                                                    | Michael Champlin Spencer, -<br>Direct: 212-946-9450<br>[COR NTC Retained]<br>(see above) |

3

Mirta Susana Dieguez
        Plaintiff - Appellee

Gary Steven Snitow, -
Direct: 212-594-5300
[COR LD NTC Retained]
(see above)

Michael Champlin Spencer, -
Direct: 212-946-9450
[COR NTC Retained]
(see above)

Maria Evangelina Carballo
        Plaintiff - Appellee

Gary Steven Snitow, -
Direct: 212-594-5300
[COR LD NTC Retained]
(see above)

Michael Champlin Spencer, -
Direct: 212-946-9450
[COR NTC Retained]
(see above)

Leandro Daniel Pomilio
        Plaintiff - Appellee

Gary Steven Snitow, -
Direct: 212-594-5300
[COR LD NTC Retained]
(see above)

Michael Champlin Spencer, -
Direct: 212-946-9450
[COR NTC Retained]
(see above)

Susana Aquerreta
        Plaintiff - Appellee

Gary Steven Snitow, -
Direct: 212-594-5300
[COR LD NTC Retained]
(see above)

Michael Champlin Spencer, -
Direct: 212-946-9450
[COR NTC Retained]
(see above)

Maria Elena Corral
        Plaintiff - Appellee

Gary Steven Snitow, -
Direct: 212-594-5300
[COR LD NTC Retained]
(see above)

Michael Champlin Spencer, -
Direct: 212-946-9450
[COR NTC Retained]
(see above)

Teresa Munoz De Corral
        Plaintiff - Appellee

Gary Steven Snitow, -
Direct: 212-594-5300
[COR LD NTC Retained]
(see above)

Michael Champlin Spencer, -

DM3\2384057.1

|  |  |
|---|---|
|  | Direct: 212-946-9450<br>[COR NTC Retained]<br>(see above) |
| Norma Elsa Lavorato<br>          Plaintiff - Appellee | Gary Steven Snitow, -<br>Direct: 212-594-5300<br>[COR LD NTC Retained]<br>(see above) |
|  | Michael Champlin Spencer, -<br>Direct: 212-946-9450<br>[COR NTC Retained]<br>(see above) |
| Carmen Irma Lavorato<br>          Plaintiff - Appellee | Gary Steven Snitow, -<br>Direct: 212-594-5300<br>[COR LD NTC Retained]<br>(see above) |
|  | Michael Champlin Spencer, -<br>Direct: 212-946-9450<br>[COR NTC Retained]<br>(see above) |
| Cesar Ruben Vazquez<br>          Plaintiff - Appellee | Gary Steven Snitow, -<br>Direct: 212-594-5300<br>[COR LD NTC Retained]<br>(see above) |
|  | Michael Champlin Spencer, -<br>Direct: 212-946-9450<br>[COR NTC Retained]<br>(see above) |
| Norma Haydee Gines<br>          Plaintiff - Appellee | Gary Steven Snitow, -<br>Direct: 212-594-5300<br>[COR LD NTC Retained]<br>(see above) |
|  | Michael Champlin Spencer, -<br>Direct: 212-946-9450<br>[COR NTC Retained]<br>(see above) |
| Marta Azucena Vazquez<br>          Plaintiff - Appellee | Gary Steven Snitow, -<br>Direct: 212-594-5300<br>[COR LD NTC Retained]<br>(see above) |
|  | Michael Champlin Spencer, -<br>Direct: 212-946-9450<br>[COR NTC Retained]<br>(see above) |
| Olifant Fund, LTD.<br>          Plaintiff - Appellee | Stephen D. Poss, Esq., -<br>Goodwin Procter LLP |

5

Exchange Place, 53 State Street
Boston, MA 02109
sposs@goodwinprocter.com

| | |
|---|---|
| The Bank of New York Mellon, as Indenture Trustee<br>          Appellant | Eric Andrew Schaffer, Esq., -<br>Direct: 412-288-4202<br>[COR LD NTC Retained]<br>0Suite 1200<br>Reed Smith Centre<br>225 5th Avenue<br>Pittsburgh, PA 15222<br>eschaffer@reedsmith.com |
| Exchange Bondholder Group<br>          Appellant | Sean F. O'Shea, Esq., -<br>O'Shea Partners LLP<br>521 5th Avenue<br>New York, NY 10175<br>soshea@osheapartners.com<br><br>David A. Barrett, Esq., -<br>Boies, Schiller & Flexner LLP<br>575 Lexington Avenue<br>New York, NY 10022<br>dbarrett@bsfllp.com<br><br>David Boies, Esq., -<br>Boies, Schiller & Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>dboies@bsfllp.com |

------------------------------

| | |
|---|---|
| Exchange Bondholder Group<br>          Intervenor | Sean F. O'Shea, Esq., -<br>[COR LD NTC Retained]<br>(see above) |
| Fintech Advisory Inc.<br>          Intervenor | William Francis Dahill, Esq., -<br>Wollmuth Maher & Deutsch LLP<br>Suite 1200<br>500 5th Avenue<br>New York, NY 10110<br>wdahill@wmd-law.com |
| Euro Bondholders<br>          Intervenor | Christopher J. Clark, Esq., -<br>Latham & Watkins LLP<br>885 3rd Avenue<br>New York, NY 10022<br>christopher.clark2@lw.com |
| Republic of Argentina<br>          Defendant - Appellant | Carmine D. Boccuzzi, Jr., Esq., -<br>Cleary Gottlieb Steen & Hamilton LLP<br>1 Liberty Plaza |

New York, NY 10006
cboccuzzi@cgsh.com

Jonathan I. Blackman, Esq.,
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London, EC2V 5EH
England
jblackman@cgsh.com

United States of America
    Amicus Curiae

Jeannette Anne Vargas, Assistant U.S. Attorney
Direct: 212-637-2678
[COR LD NTC Government]
United States Attorney's Office, Southern District of New York
3rd Floor
86 Chambers Street
New York, NY 10007
Jeannette.Vargas@usdoj.gov
John Clopper, Assistant U.S. Attorney
Direct: 212-637-2716
[COR NTC Government]
United States Attorney's Office, Southern District of New York
86 Chambers Street
New York, NY 10007
John.Clopper@usdoj.gov

The Clearing House Association L.L.C.
    Amicus Curiae

Joseph Emanuel Neuhaus,
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
neuhausj@sullcrom.com

Montreaux Partners L.P.
    Amicus Curiae

Walter Rieman, Esq.,
[COR NTC Retained]
(see above)

Wilton Capital
    Amicus Curiae

Walter Rieman, Esq.,
[COR NTC Retained]
(see above)

Ronald Mann, Esq.
    Amicus Curiae

Ronald Mann, Esq.,
Columbia Law School
435 West 116th Street
New York, NY 10027
rmann@law.columbia.edu

Kenneth W. Dam
    Amicus Curiae

Kevin S. Reed, Attorney
Quinn Emanuel Urquhart & Sullivan, LLP
22nd Floor
51 Madison Avenue
New York, NY 10010
kevinreed@quinnemanuel.com

| | |
|---|---|
| Washington Legal Foundation<br>          Amicus Curiae | Richard Abbott Samp, -<br>Washington Legal Foundation<br>2009 Massachusetts Avenue, NW<br>Washington, DC 22207<br>rsamp@wlf.org |
| Ricardo Ramirez Calvo<br>          Amicus Curiae | Joel M. Miller, Esq., -<br>Miller & Wrubel P.C.<br>25th Floor<br>570 Lexington Avenue<br>New York, NY 10022<br>jmiller@mw-law.com |
| Luis A. Erize<br>          Amicus Curiae | Joel M. Miller, Esq., -<br>Direct: 212-336-3501<br>[COR LD NTC Retained]<br>(see above) |
| Martin E. Paolantonio<br>          Amicus Curiae | Joel M. Miller, Esq., -<br>Direct: 212-336-3501<br>[COR LD NTC Retained]<br>(see above) |
| Estela B. Sacristan<br>          Amicus Curiae | Joel M. Miller, Esq., -<br>Direct: 212-336-3501<br>[COR LD NTC Retained]<br>(see above) |
| EM Ltd.<br>          Amicus Curiae | David W. Rivkin, -<br>Debevoise & Plimpton LLP<br>919 3rd Avenue<br>New York, NY 10022<br>dwrivkin@debevoise.com |

------------------------------

| | |
|---|---|
| Puente Hermanos Sociedad de Bolsa<br>SA<br>          Movant | Timothy Graham Nelson, -<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>39-104<br>4 Times Square<br>New York, NY 10036<br>timothy.nelsen@skadden.com<br><br>Marco Schnabl, -<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>4 Times Square<br>New York, NY 10036<br>marco.schnabl@skadden.com |

# EXHIBIT B

Case: 12-105     Document: 955-3     Page: 15     04/22/2013     915179     26

# Bloomberg

# New York-for-Buenos Aires Swap Theory Spreads: Argentina Credit

By Katia Porzecanski - Apr 3, 2013

Argentina's refusal to improve its offer to holders of defaulted debt suing for full payment in the U.S. is deepening speculation that the nation will sever ties with the overseas bond market.

The proposal submitted on March 29 mimics the terms of Argentina's 2005 and 2010 debt exchanges, a move that could lead to a default on the restructured notes unless the country removes them from U.S. jurisdiction. While benchmark notes due 2033 sank as much as 2.5 cents to 51.8 cents on the dollar after Argentina made the offer, they've since recouped all their losses as investors bet that the government will swap them into debt governed by Argentine law.

Vice President Amado Boudou's pledge on March 31 to pay restructured bondholders "no matter what" is adding to speculation the government is preparing contingency plans to keep servicing the debt as it heads toward an impasse with U.S. courts. The 12.71 percentage point gap on yields of Argentine bonds over U.S. Treasuries, while the widest among major emerging markets, is down from a four-year high of 13.4 percentage points on Nov. 28.

"Win, lose or draw, if Argentina is pushed, they'll redo the payment system without a doubt" and shift investors from debt issued under New York law, Ray Zucaro, who helps oversee $300 million of emerging-market debt at SW Asset Management, said by phone from Newport Beach, California. "If push comes to shove and they rule, that's what they'll do."

## Argentina's Prospects

Norma Madeo, a spokeswoman for the Economy Ministry, didn't reply to an e-mail message seeking comment on the government's plans to pay bondholders.

The latest offer to holdout creditors from the nation's record $95 billion default in 2001 means the government will probably lose its bid to overturn a lower-court ruling that requires the nation to repay in full, according to Anna Gelpern, a law professor at American University in Washington. Jonathan Blackman, a lawyer for Argentina, told the appeals court in February that the nation

Case: 12-105     Document: 955-3     Page: 16     04/22/2013     915179     26

wouldn't obey the order to make a full payment to the holdouts, which include billionaire Paul Singer's hedge fund Elliott Management Corp.

That confrontation sets up a potential default on the restructured notes because the lower court also blocked the government from servicing those securities without making a $1.3 billion payment.

## 'Whatever Context'

In an interview on local television, Boudou told reporters, "Argentina will meet its commitments in whatever context. We're not going to accept a blockage of Argentina's willingness and ability to pay."

Alfredo Scoccimarro, a presidential spokesman, didn't return telephone calls seeking comment on Boudou's statement.

The appeals court asked the holdouts yesterday to file a response to Argentina's proposed payment plan by April 22.

Boudou's comments mean the government is willing to be in contempt of court to make about $1.7 billion in payments this year to investors who accepted losses of about 70 percent in the restructurings, according to Sebastian Vargas, an economist at Barclays Plc.

If the court rules in favor of the holdouts and prevents intermediaries such as Bank of New York Mellon Corp. from transferring money to restructured bondholders, Argentina may change the notes' jurisdiction to Argentine or even Italian law, according to Alberto Bernal, the head of fixed-income research at Miami-based brokerage Bulltick Capital Markets.

## Changing Jurisdiction

Argentina can change the legislation over a single series of the bonds if holders of 75 percent of the securities consent, according to the securities' prospectuses. Changing the jurisdiction of two or more series would require approval by owners of at least 85 percent of all affected bonds and by holders of at least two-thirds of each individual series.

"We are hearing that Buenos Aires has advanced materially in an eventual 'Plan B,'" Bernal wrote in a note to clients April 1. The plan may also include reopening the exchange for holdouts who aren't already suing Argentina and a buyback offer for New York-law bonds, according to Bernal.

Traders shouldn't underestimate how difficult it would be for President Cristina Fernandez de Kirchner to prevail under such a plan if the appeals court upholds U.S. District Judge Thomas Griesa's ruling, according to Bank of America Corp.

The only way Argentina can continue to pay if the ruling is upheld is "with a totally new, non-U.S. payment chain, which would take a long time to construct," Jane Brauer and Flavio de Andrade, strategists at Bank of America in New York, wrote in a March 27 report.

## Third Parties

An exchange into local-law bonds would require bondholders to agree to move their notes to an Argentine custodian that is a member of Euroclear Bank SA, the world's biggest settlement system, to cancel the current bonds, the analysts said in the report. A cancellation would have to be routed through BNY Mellon, and intermediaries including Euroclear and the Depository Trust Co. would probably alert the court for clarification, according to the report.

"There may be bondholders that are in support of Argentina's making a payment, but may not be as comfortable changing the instruments to Argentine law with all payments made in Argentina through the Argentine payment system," Bruce Wolfson, a lawyer at Bingham McCutchen LLP in New York, who has more than 30 years of experience in emerging-market debt restructurings, said in a telephone interview. "It's in my experience unprecedented."

## Debt Indexes

Bonds issued under Buenos Aires law wouldn't qualify for benchmark international debt indexes, which would prevent some funds from owning them, according to Bank of America.

Most emerging-market debt sold overseas is governed by New York law, according to the International Monetary Fund. Before seeking to circumvent the ruling, Argentina can try to appeal to a larger number of judges or the U.S. Supreme Court.

The cost to protect $10 million of Argentine debt against non-payment during five years with credit -default swaps fell 108 basis points, or 1.08 percentage points, to 3,271 basis points yesterday, data compiled by CMA Ltd. show. The swaps pay the buyer face value in exchange for the underlying securities or the cash equivalent should a borrower fail to adhere to its debt agreements.

## Investor Optimism

While firms from JPMorgan to Credit Suisse Group AG said the bonds would sink following Argentina's payment proposal, restructured notes have fallen just 0.1 percent since March 29, according to index data compiled by JPMorgan. That's a sign investors are optimistic that

Case: 12-105     Document: 955-3     Page: 18     04/22/2013     915179     26

Argentina will do whatever it takes to remain current on the notes, according to Mario Rappoport, a managing director at Gleacher & Co. in New York.

"All the investors who had their position in Argentina already went through enough hell," Rappoport said in a telephone interview. "It just doesn't feel like the market is ready to collapse."

To contact the reporter on this story: Katia Porzecanski in New York at
kporzecansk1@bloomberg.net

To contact the editors responsible for this story: David Papadopoulos at
papadopoulos@bloomberg.net; Michael Tsang at mtsang1@bloomberg.net

®2013 BLOOMBERG L.P. ALL RIGHTS RESERVED.

# EXHIBIT C

Share

**Home**   **About Us**   **Legislation**   **Events**   **Blog**   **News Room**   **Worldwide Impact**   **Studies**   **Multimedia**

## Argentina vs. holdouts: Moody's minimizes impact of litigation with vultures and recalls that the swap was unilateral and coercive

*El Cronitsa*

April 11, 2013
By Mariana Shaalo

The risk ratings agency Moody's asserted yesterday in a report that the Argentine debt restructuring was a unique case in the last 15 years for its "unilateral" and "coercive" character.

In this manner, it minimized the argument from the Argentine government that argues that an unfavorable sentence in the Court of Appeals in New York which benefits the holdouts would put at risk future sovereign debt restructurings.

Last week, the Institute of International Finance (IIF) which is made up of the main banks of the world, had remarked in a report that "Argentina finds itself in this complicated situation by its own behavior, evidenced by more than a decade of unilateral treatment of its creditors."

"The sovereign debt restructurings of the last 15 years generally have been resolved in a rapid manner and almost always without holdout litigation," Moody's pointed out in its report to investors.  Reviewing 34 debt swaps since 1997, it remarked that only two – from Argentina and from the Dominican Republic – had a balance of a large percentage of holdouts and remarks that only in the Argentine case was there "persistent litigation" with the creditors that didn't accept the restructurings.

"In almost all the swaps a creditors' committee was created in a reasonable amount of time and there were relatively rapid negotiations, but the Argentine case was and continues to be unique by its unilateral and coercive focus," said Elena Duggar, author of the report.

According to the analysis, on average, sovereign debt restructurings closd 10 months after the government made known its intention to hold exchanges and seven months aftr the start of negotiations with creditors.

Moody's asserted that, in the last 34 cases analyzed, the rate of participation by debt holders was 95%, versus 75% in Argentina and 72% in the Dominican Republic.  However, it pointed out that these percentags rose to 93% in the former and 100% in the latter.

In mid-March the ratings agency has lowered Argentina's restructured debt rating a notch (from 'B3' to 'Caa1') for the litigation in the U.S. courts.

Event the Greylock fund which holds Argentine restructured bonds whose payments could be blocked in case of an adverse ruling asked that the country's "unusually intransigent conduct" not be tolerated, in an article recently published in the Financial Times.  "There is no evidence that the recent court decisions against Argentina, which never made a good will offer, will impede future sovereign restructurings.  Quite the contrary," it said.

The same point was made days earlier by the vulture fund Aurelius, one of the plaintiffs.  "Argentina is the best example in the world of how a country should not treat its creditors.  The global financial system is at risk by compensating this conduct and by not making it honor its contracts," wrote its head, Mark Brodsky.

Argentina vs. holdouts Moody's minimiza impacto de litigio con buitres y recuerda que el canje fue unilateral y coercitivo

Share

ShareThis

Clic
N

N

Case: 12-105    Document: 955-3    Page: 22    04/22/2013    915179    26

Share

Let

Show
debt

You

Do
i

American Task Force Argentina
PO Box 3197
Arlington, VA 22203-0197
888-662-2382
info@atfa.org

# EXHIBIT D

Share

Home      About Us      Legislation      Events      Blog      News Room      Worldwide Impact      Studies      Multimedia

# Global bankers warn about the risk of pardoning Argentina

*El Cronista*

April 5, 2013

By Veronica Dalto

Awaiting the respond to payment proposal that Argentina filing in New York court to the vulture funds, similar to the last swap, the bank banks of the world reacted with concern over the possibility that the decisions that are taken in the Argentine case end up "condoning the unilateral actions" of the country, and for the implications that could have for the international sovereign debt market, weakening creditor rights in the future and the legal certainties that sustain them.

This is how they see it in the monitoring of the capital markets from the Institute of International Finance (IIF), the global association of the biggest financial entities of the world, where they are also analyzing the Cyprus bailout.

The IIF didn't fail to place the Argentine case in the "correct historical context." This is that "Argentina finds itself in this complicated situation by its own behavior, evidenced by more than a decade of unilateral treatment of its creditors." "Since the private sector creditors and investors don't have the luxury of waiting forever, many (but not all including thousands of small investors) have been obliged to accept the swap that Argentina offered in 2005 and 2010."

A portion of the holdouts now have until April 22 to take the Argentine offer or not as payment for their claim of US\$1.3 billion. Then the court could delay a couple of months to issue its sentence, which the IIF already predicts will be a rejection towards Argentina.

The entity, which coordinated the interests of the big banks in the rescue of Greece, pointed out that the Argentine case had "fortunately" been a "rare case" among the other 11 recent debt restructurings, where the sovereign debtor could negotiate with private creditors an agreement that was "mutually acceptable upon an opportune and orderly basis."

For IIF, the current debate over improving the framework of sovereign debt restructurings, in legal terms or clarifying the meaning of pari passu in bond contracts, "should be done carefully to not condone the unilateral actions by a sovereign debtor and weaken the rights of subsequent creditors, especially the right to demand reparations in court."

"If it does that, it could put on the front burner the essentially inapplicable character of assets before a sovereign debtor, raising uncertainty, risk and costs in the sovereign debt markets to the detriment of all the participants in the global financial markets," he added.

According to the IIF, the negative experience of Argentina and the positive ones for the rest of the countries "should serve to be an incentive both for the sovereign debtor as well as private creditors to believe in voluntary negotiation and good faith."

For now, the Argentine case is pure uncertainty: if the country will appeal a negative sentence or if it could "dodge" a technical default by changing the jurisdiction of bonds under New York law.  Something the IIF doesn't think would be easy.

Banqueros globales advierten sobre el riesgo de perdonar a la Argentina

ShareThis

Share

Clic
N

N

Case: 12-105    Document: 955-3    Page: 26    04/22/2013    915179    26

Share

Let

C

Show
debt

You

Do
i

📶 |

📶 |

American Task Force Argentina
PO Box 3197
Arlington, VA 22203-0197
888-662-2382
info@atfa.org