# 12-105(L)

12-109 (CON), 12-111 (CON), 12-157 (CON), 12-158 (CON), 12-163 (CON),
12-164 (CON), 12-170 (CON), 12-176 (CON), 12-185 (CON), 12-189 (CON),
12-214 (CON), 12-909 (CON), 12-914 (CON), 12-916 (CON), 12-919 (CON),
12-920 (CON), 12-923 (CON), 12-924 (CON), 12-926 (CON), 12-939 (CON),
12-943 (CON), 12-951 (CON), 12-968 (CON), 12-971 (CON)

In the

## United States Court of Appeals for the Second Circuit

**NML CAPITAL, LTD., AURELIUS CAPITAL MASTER, LTD., ACP MASTER, LTD., BLUE ANGEL CAPITAL I LLC,**

*(caption continued on inside cover)*

*Plaintiffs-Appellees,*

-*v.*-

**REPUBLIC OF ARGENTINA,**

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

***AMICUS CURIAE* BRIEF OF DUANE MORRIS INDIVIDUAL PLAINTIFFS GIANFRANCO AGOSTINI, ALFREDO PELLI AND GRAZIELLA BERCHI, MILENA AMPALLA** (*continued on inside cover*)

Anthony J. Costantini
Rudolph J. Di Massa, Jr.
Suzan Jo
Mary C. Pennisi
Duane Morris LLP
1540 Broadway
New York, New York 10036
Tel: (212) 692-1000
*Counsel for Duane Morris Individual Plaintiffs*

DM3\2517211.1

**AURELIUS OPPORTUNITIES FUND II, LLC, PABLO ALBERTO VARELA, LILA INES BURGUENO, MIRTA SUSANA DIEGUEZ, MARIA EVANGELINA CARBALLO, LEANDRO DANIEL POMILIO, SUSANA AQUERRETA, MARIA ELENA CORRAL, TERESA MUNOZ DE CORRAL, NORMA ELSA LAVORATO, CARMEN IRMA, LAVORATO, CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES, MARTA AZUCENA VAZQUEZ, OLIFANT FUND, LTD.,**

*Plaintiffs-Appellees,*

— *v.* —

**THE REPUBLIC OF ARGENTINA,**

*Defendant-Appellant,*

**THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, EXCHANGE BONDHOLDER GROUP,**

*Non-Party Appellants,*

**EURO BONDHOLDERS,**

*Non-Party Intervenors*

DUANE MORRIS INDIVIDUAL PLAINTIFFS CONTINUED:

**ANDREA BONAZZI AND MIRCO MASINA AND LUCA VITALI, ANGELO COTTONI AND BRUNA MATTIOLI, ANGELO LEONI AND RACHELE BONTEMPI, ANGIOLINO FUSATO AND GABRIELE FUSATO AND ANNA STORCHI, ANTONELLA BACCHIOCCHI, ALBERTO BACIUCCO, OTELLO BACIUCCO, FILIPPO BAGOLIN, SARA BARTOLOZZI, ANNELIESE GUNDA BECKER, GIORGIO BENNATI, STUDIO LEGALE BENNATI, ROBERTO BERARDOCCO, ORSOLINA BERRA, ADRIANO BETTINELLI, MASSIMO BETTONI, GRAZIELLA BONADIMAN, STEFANIA BONPENSIERE, EMANUELE BOTTI, BRUNO CALMASINI AND TARCISIA DALBOSCO, BRUNO PAPPACODA AND LUISELLA GUARDINCERRI, ITALIA CAMATO, ITALIA CAMATO, VINCENZO CARBONE, CARIFIN S.A., CARLO AND SUSANNA BRETTI, GIOVANNI CARLOTTA, CARMELINA CENSI, CESARINO CONSOLINI AND AGOSTINO CONSOLINI, CLAUDIO MANGANO AND**

**MARITZA LENTI, ALBERTO COMPARE, AGOSTINO CONSOLINI, GIANCARLO BARTOLOMEI CORSI, LAURA COSCI, ALDO DAVID, AUGUSTO ARCANGELI DE FELICIS, CARLA MARINI ARCANGEL DE FELICIS, ADRIANA DELL'ERA, DIEGO CASTAGNA AND EUFROSINA DE STEFANO, CARLO FARIOLI, FERNANDA ANGELA LOVERO AND SABRINA PARODI, ANNA FERRI, FRANCESCO FOGGIATO, FRANCESCO CORSO AND GIUSEPPINA CORSO, FRANCESCO MAURO GHEZZI AND MARIA LUIGIA CONTI, FRANCO TRENTIN AND STEFANIA TRENTIN, FRANCESCO MAURO GHEZZI, GIAN CARLO GANAPINI AND LAURA ANNA CAPURRO, GIAN FRANCESCO CERCATO AND BARBARA RICCHI, GIORGIO BENNATI AND CARLA MORATA, GIORGIO BISTAGNINO AND EUGENIA RE, GIOVANNI BOTTI AND MARIA ZILIANI, GIOVANNI GIARDINA AND VINCENZA SABATELLI, GIUSEPPE SILVIO ROSSINI AND MARINELLA SCALVI, CELESTINO GOGLIA, GRAZIANO ADAMI AND MONICA CROZZOLETTO, GIANFRANCO GUARINI, GUGLIELMINA MASSARA AND MARTINO VERNA, RAIMONDO IALLONARDO, INNOVAMEDICA S.P.A., PAOLO LISI, SERGIO LOVATI, MADDALENA GAIOLI AND FELICINA GAIOLI, CARMELO MAIO, MANUELA DE ROSA KUNDERFRANCO AND GIOVANNA CONNENA AND ANTONELLA DE ROSA KUNDERFRANCO, MARCELLO CALANCA AND ELETTRA CASALINI, MARCO BORGRA AND DONATELLA FRAGONARA ZANOTTI, MARCO BORGRA AND SERGIO BORGRA, MARCO CAVALLI AND VALERIA TOSO, ELIDE MARGNELLI, MARIA RITA MORETTO AND UGO LORENZI, MARIO GIACOMETTI AND VERNA GUALANDI, MARIO VICINI AND GIUSEPPINA CAPEZZERA, ROMANO MARTON, MATTEO AND GIOVANNI ZANICHELLI, SALVATORE MELCHIONDA, MIRCO MASINA AND ANDREA BONAZZI, SIMONETTA MONTANARI, ALESSANDRO MORATA, AMATO MORI, CLAUDIO MORI, FRANCO PEZZE, FRANCO PEZZE, VALERIO PIACENZA, PERI LUIGI LUCIBELLO PIANI, ALEESSANDRA REGOLI, SILVIA REGOLI, RENATA BOSCARIOL AND GIAMPAOLO MONTINO, RINALDO FRISINGHELLI AND GRAZIELLA DACROCE, MARIA ROBBIATI, PAOLA ROSA, ADRIANO ROSATO, LAURA ROSSINI, INES ROTA, RUGGERO ROSSINI AND ANTONIETTA GIUSEPPINA BRIOSCHI, RUGGERO ROSSINI AND ANTONIETTA GIUSEPPINA BRIOSCHI AND RAFFAELE ROSSINI, HILDA RUPPRECHT, SANTE STEFANI AND ANGELINA SALMISTRARO, MAURIZIO SERGI, SILVANA CORATO AND GIULIA GREGGIO, SIMONA STACCIOLI, LICIA STAMPFLI-ROSA, STEFANO BISTAGNINO AND FELICINA GAIOLI, RENATE TIELMAN, TIZIANO SASSELLI AND GIOVANNA FERRO, MANUELITO TOSO, MAURO TOSO, MARIO VICINI AND VITO ZANCANER**

*Amicus Curiae*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

THE REPUBLIC'S "PROPOSAL" FAILS TO ADDRESS THE COURT'S QUESTIONS AND
    DOES NOTHING TO MAKE HOLDOUT BONDHOLDER'S WHOLE ......................... 2

THE COURT SHOULD REJECT THE REPUBLIC'S PROPOSAL ............................................. 6

# **TABLE OF AUTHORITIES**

**Cases**

*NML Capital Ltd. v. Republic of Argentina*, 699 F.3d 246 (2d Cir. 2012) ........... 1, 4-6

*NML Capital Ltd. v. Republic of Argentina*, Docket No. 12-105(L),
  Dkt. # 903, at 1 (2d Cir. Mar. 1, 2013) ........................................................................... 1

*NML Capital Ltd. v. Republic of Argentina*, Docket No. 12-105(L),
  Dkt. # 935 (2d Cir. Mar. 29, 2013) ................................................................................. 2

DM3\2517211.1

**PRELIMINARY STATEMENT**

This Court has already held that the Republic violated the *pari passu* clause of the 1994 FAA when it made payments to the Exchange Bondholders, and when it passed the Lock Law (legislation which remains in force). *NML Capital Ltd. v. Republic of Argentina*, 699 F.3d 246, 259-260 (2d Cir. 2012). The only question is the determination of the appropriate scope of the remedy available for the Republic's violation.

Given the Republic's recalcitrant attitude, one may wonder why the Republic wastes this Court's time by submitting a proposal that purportedly mirrors the offers previously rejected by the holdouts. One may also wonder why the Republic continues to avail itself of the protections of our courts, all the while publicly stating that: it has no intention of complying with orders of the Court with which it disagrees; and as recently as March 31, 2013, reiterating its disdain for our courts by restating its intention to pay Exchange Bondholders "no matter what[.]"[1]

In its post-argument Order of March 1, this Court directed the Republic to "submit in writing to the court the precise terms of any alternative payment

---

[1] See Declaration of Suzan Jo, dated April 22, 2013 (hereinafter "Jo Decl."), Ex. B (Katia Porzecanski, *New York-for-Buenos Aires Swap Theory Spreads: Argentina Credit,* BLOOMBERG NEWS, Apr. 03, 2013, *available at* http://www.bloomberg.com/news/print/2013-04-03/new-york-for-buenos-aires-swap-theory-spreads-argentina-credit.html).

1

formula and schedule to which it is prepared to commit." *See NML Capital Ltd. v. Republic of Argentina*, Docket No. 12-105(L), Dkt. # 903, at 1 (2d Cir. Mar. 1, 2013). Specifically, the Court directed the Republic to indicate:

> (1) how and when it proposes to make current those debt obligations on the original bonds that have gone unpaid over the last 11 years; (2) the rate at which it proposes to repay debt obligations on the original bonds going forward; and (3) what assurances, if any, it can provide that the official government action necessary to implement its proposal will be taken, and the timetable for such action.

*Id.* at 2.

## THE REPUBLIC'S "PROPOSAL" FAILS TO ADDRESS THE COURT'S QUESTIONS AND DOES NOTHING TO MAKE HOLDOUT BONDHOLDER'S WHOLE

The Court was very specific on the first piece of information it wanted: "how and when [the Republic] proposes to make current those debt obligations on the original bonds that have gone unpaid over the last 11 years." *Id.* at 2.

In its proposal, the Republic simply ignores this part of the Court's directive: it says that it will pay *nothing on account of* interest that accrued during the first two years (2001-2003) after the Republic's default. *See NML Capital Ltd. v. Republic of Argentina*, Docket No. 12-105(L), Dkt. # 935 (2d Cir. Mar. 29, 2013). As to the remaining years, the Republic states that it will *not* "make current those debt obligations *on the original bonds* that have gone unpaid over the last 11 years." *Id.* at 1, 3-4 (emphasis added). Instead, the

2

Republic says it will pay interest to the holdouts at rates specified in the Exchange Bonds, not the original Bonds. *Id.*

The Republic's proposal sets forth two "Options" for the holdout bondholders: the "Par Option" and the "Discount Option." *Id.* at 2-4. To further dilute the attractiveness of its proposal, the Republic limits the Par Option to $50,000 per series, despite its recognition that "[T]he Par option is designed for individual bondholders . . . ."[2] *Id.* at 3. Moreover, this Par Option offer is limited to paying interest only for the period during which the current holder actually held the bonds: this additional limitation allows the Republic to (a) "self-forgive" its obligation to pay some accrued payment, and (b) ignore the Court's directive that the Republic explain how interest would be paid on the *original bonds*. In short, the Republic has ignored this Court's March 1 Order by taking the position that it will only make a lump-sum payment of a small fraction of indebtedness accumulated during eleven years of unilaterally-

---

[2]   Individual bondholders who have more than $50,000 in "Eligible Amount" (a category including many retirees) would be forced to take the "Discount Option," further reducing the lump-sum cash payments made available to the holdouts. As a consequence, the $50,000 limitation would deprive many retirees of a significant cash payment they badly need.

3

imposed non-payment.[3]  This deficiency is reason enough to reject the Republic's Proposal.

The Republic explains that its proposal, with respect to the past due payments, matches the amounts paid to the Exchange Bondholders.  *Id.* at 4-5, 7-8, 11, 13, 15.  Since it purports to treat all bondholders equally, the Republic reasons that the *pari passu* requirement will be fulfilled.

Given not only the Republic's violations of the *pari passu* clause, but also its dogged long-term defiance of the courts of the United States, there is no reason why any retroactive remedy should be limited by terms to which the Exchange Bondholders have agreed.  Retroactively, the only sensible resolution is a lump-sum payment of *all* interest and principal that has accrued and become due and payable in eleven years to *all* the current holders of the holdout bonds (hereinafter, the "Accrued Payment Component").  Such a payment would be directed in the form of an order for specific performance, which this Court has

---

[3] The scope of the Republic's proposal is limited to the plaintiffs in this action (who are a sub-set of the holdouts).  This Court specifically directed that the Proposal address all the holdout bonds, and this directive was ignored as well.

4

endorsed as the appropriate remedial device. *NML Capital Ltd.*, 699 F.3d at 261-262.[4]

After ignoring the Court's first directive, Argentina then proceeds to ignore the Court's second directive. The Court directed the Republic to specify "the rate at which it proposes to repay debt obligations on the original bonds going forward." *See NML Capital Ltd.*, Dkt. # 903, at 2. This Court's acceptance of Argentina's proposal would do nothing more than cancel the original bonds and force the Exchange bonds on all the holdouts, who would be effectively subjected to a judicial cram-down. This portion of the Republic's proposal ignores the fact that this Court specifically recognized the right of individual holders to reject the Republic's penny-ante exchange offers.[5]

---

[4] The Republic may fear that a voluntary payment exceeding the amount paid to the Exchange Bondholders would trigger other litigation by the Exchange Bondholders. An involuntary payment ordered by the courts would not.

[5] Argentina's flagrant disregard of U.S. courts has not gone unnoticed. The Institute of International Finance (IIF), which is comprised of the major banks of the world, has remarked that "Argentina finds itself in this complicated situation by its own behavior, evidenced by more than a decade of unilateral treatment of its creditors." *See* Jo Decl., Ex. C (Mariana Shaalo, *Argentina vs. Holdouts: Moody's Minimizes Impact of Litigation with Vultures and Recalls that the Swap was Unilateral and Coercive*, AMERICAN TASK FORCE ARGENTINA, Apr. 10, 2013, *available at* http://www.atfa.org/argentina-vs-holdouts-moodys-minimizes-impact-of-litigation-with-vultures-and-recalls-that-the-swap-was-unilateral-and-coercive/). The IIF also commented that the determination of the remedy

DM3\2517211.1

With respect to the Accrued Payment Component, the Republic should be ordered that immediately. With respect to the future component, the Proposal is not responsive to the Court's request, and should be rejected.

On this Court's final question, "what assurances, if any, [the Republic] can provide that the official government action necessary to implement its proposal will be taken, and the timetable for such action," (*NML Capital Ltd.*, Dkt. # 903, at 2) the Republic devotes a three-sentence paragraph in which it mouths principles of democratic government (*NML Capital Ltd.*, Dkt. # 935, at 2). The Republic appears to be avoiding a direct answer here as well, and its virtual disregard of the "timetable" requirement is remarkable. The holdouts, and this Court, are entitled to a much more considered response after eleven years of contentious litigation and outright evasion by the Republic.

## **THE COURT SHOULD REJECT THE REPUBLIC'S PROPOSAL**

In short, the Republic has ignored, avoided, or evaded each one of this Court's requirements. There is no real choice but to reject the Proposal. The question is the extent, if any, that the district court's order should be modified.

---

"should be done carefully to not condone the unilateral actions by a sovereign debtor and weaken the rights of subsequent creditors, especially the right to demand reparations in court." *See* Jo Decl., Ex. D (Veronica Dalto, *Global Bankers Warn About The Risk of Pardoning Argentina*, AMERICAN TASK FORCE ARGENTINA, Apr. 5, 2013, *available at* http://www.atfa.org/global-bankers-warn-about-the-risk-of-pardoning-argentina/).

Respectfully Submitted,

DUANE MORRIS LLP

By:     <u>s/Anthony J. Costantini</u>

Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Rudolph J. Di Massa, Jr.
Email: DiMassa@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Mary C. Pennisi
Email: MCPennisi@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
*Attorneys for Duane Morris Plaintiffs*