**Christopher J. Clark**
Direct Dial: +1.212.906.1350
Christopher.Clark2@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Dusseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 4, 2013

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

　　　　　Re:　*NML Capital, Ltd. v. Republic of Argentina*, No. 12-105(L)

Dear Ms. O'Hagan Wolfe:

　　　　I write on behalf of Intervenors Euro Bondholders to inform the Court of a recent proceeding before the Brussels Commercial Court, captioned *Knighthead Capital Management, LLC et al. v. Bank of New York S.A., et al.* The Belgian Plaintiffs[1], like the Euro Bondholders, hold euro-denominated bonds ("Euro Bonds") issued in Argentina's 2005 and 2010 exchange offers. The Euro Bonds are denominated in euros, governed by English law, and payments thereon are made wholly outside the U.S. through foreign entities.

　　　　The Belgian Plaintiffs seek an order directing Defendants Bank of New York Mellon S.A., Euroclear S.A., and Euroclear Bank S.A. ("Belgian Defendants")—all Belgian entities—to comply with their duties under Belgian law and the Trust Indenture governing Argentina's exchange bonds. On May 30, 2013, the Belgian Court accepted expedited briefing and scheduled a determinative hearing for June 25, 2013.

　　　　As the Euro Bondholders have explained, the District Court's injunction against foreign parties impermissibly imposes obligations irreconcilable with foreign parties' duties under local law. The Belgian proceeding will conclusively determine the Belgian Defendants' obligations under Belgian law. We respectfully request that this Court find the injunction inapplicable to foreign entities altogether, or, at minimum, withhold judgment respecting the injunction's applicability to Belgian Defendants pending determination by the Belgian court. By holding the injunction applicable to Belgian entities acting on Belgian soil, this Court could contravene a Belgian court's definitive interpretation of Belgian Defendants' obligations under Belgian law, thereby violating the well-established principle that courts cannot require foreign nationals "to

---

[1]　　Certain Belgian Plaintiffs are also members of Euro Bondholders.

Christopher J. Clark
June 4, 2013
Page 2

LATHAM&WATKINS LLP

refrain from doing an act in another state that is required by [that state's] law." Restatement (Third) of Foreign Relations Law § 441 (1987).[2]

Respectfully submitted,

/s/ Christopher J. Clark
Christopher J. Clark
of LATHAM & WATKINS LLP

cc:   Honorable Thomas P. Griesa
      Daniel Patrick Moynihan
      United States Courthouse
      500 Pearl St.
      New York, New York 10007-1312
      (*via hand delivery*)

      All Counsel of Record
      (*electronically*)

---

[2] On May 22, 2013, Citibank, N.A.'s Argentine branch, a custodian for certain Argentine bonds, filed a motion in the District Court seeking relief from the injunction because it imposes obligations inconsistent with Argentine law. If the injunction is affirmed as to foreign financial institutions subject to foreign laws, myriad similar motions surely will follow.