**Christopher J. Clark**
Direct Dial: +1.212.906.1350
Christopher.Clark2@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

July 1, 2013

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, N.Y. 10007

Re:  NML Capital, Ltd. v. The Republic of Argentina, No. 12-105(L)

I write on behalf of Intervenors Euro Bondholders to inform the Court of a development in *Knighthead Capital Management, et al. v. Bank of New York S.A., et al.*, a case currently before the Brussels Commercial Court ("Belgian Court"). On June 28, 2013, the Belgian Court determined that plaintiffs' request for emergency relief, filed under an expedited proceeding, was premature. The Belgian Court's decision related exclusively to the payments due by Argentina on June 30, 2013, and did not address the application of Belgian law to the injunction in this case, nor conclude that the injunction was enforceable under Belgian law.

The Belgian Court declined to grant emergency relief solely on the procedural ground that—in light of, among other factors, the injunction in this case—there was uncertainty over whether Argentina would make payments due under the Indenture on June 30, 2013[1]. It deemed similarly unclear whether other entities preceding the Belgian Defendants in the payment chain would transfer payments even if Argentina paid. It therefore believed emergency relief was inappropriate regarding the Belgian Defendants. Further, the Belgian Court noted that because the Indenture provides for a 30-day grace period of non-payment before default, the Belgian Plaintiffs could seek emergency relief within that period should a payment be missed on June 30, 2013. For these reasons, the Belgian Court concluded that relief was presently premature.

The Belgian Plaintiffs' merits action remains pending. The action seeks a permanent order requiring Euroclear and Bank of New York Mellon Brussels to honor their obligations to pass through funds received for the benefit of the Belgian Plaintiffs under their euro-denominated exchange bonds. It also seeks a declaration that Belgian law renders the injunction in this case unenforceable against the Belgian Defendants. None of these issues were considered

---

[1] Such payments were, in fact, made on June 30.

Christopher J. Clark
July 1, 2013
Page 2

LATHAM&WATKINS LLP

in the Belgian Court's order.  Those issues by necessity will be determined in connection with the merits action, for which the next hearing is scheduled for September 5, 2013.

        Respectfully submitted,

        /s/ Christopher J. Clark
        Christopher J. Clark
        of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)